IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD C. MOLLET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-1170-JPG-CJP |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant.[1] | ) |

## MEMORANDUM and ORDER

In accordance with 42 U.S.C. § 405(g), plaintiff Ronald C. Mollet, represented by counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

## Procedural History

Mr. Mollet applied for DIB in July 2013 alleging disability beginning on March 30, 2013. After holding an evidentiary hearing, ALJ Stuart T. Janney denied the application on January 14, 2016. (Tr. 28-40.) The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1.) Administrative remedies have been exhausted, and a timely complaint was filed in this Court.

In March 2017, the agency found that plaintiff was disabled as of January 12, 2016. This was apparently a decision on an application filed subsequent to the one at issue here. The decision does not explain why plaintiff was found to be disabled. *See* Notice of Award, Doc. 27, Ex. 1.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (visited Feb. 7, 2017). She is automatically substituted as defendant in this case. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

## Issues Raised by Plaintiff

Plaintiff raises the following points:

1. The ALJ erred in finding that degenerative disc disease in plaintiff's cervical, thoracic and lumbar spine was not a severe impairment at Step 2 and failed to consider the effects of his back pain in combination with his other impairments.

2. The ALJ erred in erred in assessing plaintiff's credibility.

## Applicable Legal Standards

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. For these purposes, "disabled" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). "Substantial gainful activity" is work activity that involves doing significant physical or mental activities and that is done for pay or profit. 20 C.F.R. § 404.1572.

Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. The Seventh Circuit Court of Appeals has explained this process as follows:

> The first step considers whether the applicant is engaging in substantial gainful activity. The second step evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement. The third step compares the impairment to a list of impairments that are considered conclusively disabling. If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment does not meet or equal a listed impairment, then the evaluation continues. The fourth step assesses an applicant's residual functional capacity ("RFC") and ability to engage

in past relevant work. If an applicant can engage in past relevant work, he is not disabled. The fifth step assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work. If the applicant can engage in other work, he is not disabled.

*Craft v. Astrue*, 539 F.3d 668, 674 (7th Cir. 2008); *accord Weatherbee v. Astrue*, 649 F.3d 565, 568-69 (7th Cir. 2011).

Stated another way, it must be determined: (1) whether the claimant is presently unemployed; (2) whether the claimant has an impairment or combination of impairments that is serious; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-13 (7th Cir. 2009); *Schroeter v. Sullivan*, 977 F.2d 391, 393 (7th Cir. 1992).

If the answer at steps one and two is "yes," the claimant will automatically be found disabled if he or she suffers from a listed impairment, determined at step three. If the claimant does not have a listed impairment at step three and cannot perform his or her past work (step four), the burden shifts to the Commissioner at step five to show that the claimant can perform some other job. *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984); *see also Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (Under the five-step evaluation, an "affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled…. If a claimant reaches step 5, the burden shifts to the ALJ to establish that the claimant is capable of performing work in the national economy.").

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the

scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996) (citing *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995)). This Court uses the Supreme Court's definition of substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997); *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

## **The Decision of the ALJ**

ALJ Janney followed the five-step analytical framework described above. He determined that Mr. Mollet had not worked at the level of substantial gainful activity since the alleged onset date and that he was insured for DIB through December 31, 2018. He found that plaintiff had severe impairments of obstructive sleep apnea; obesity; epilepsy; cognitive impairment due to a history of traumatic brain injury; evidence of microangiopathic gliosis; attention deficit hyperactivity disorder; depression; and recurrent anxiety. These impairments did not meet or equal a listed impairment. He also found that plaintiff had degenerative disc disease, but it was

not a severe impairment because it was "mild and stable."

The ALJ found that plaintiff had the RFC to perform work at the medium exertional level, with physical limitations consisting of occasional climbing of ramps and stairs; no climbing of ladders, ropes or scaffolds; no "concentrated exposure" to hazards such as unprotected heights or moving machinery; and no operation of commercial vehicle equipment. Mentally, he was limited to work involving "rote or routine instructions that require the exercise of little independent judgment or decision-making at a consistent pace but not if the work tasks are complex"; and should work in a stable setting with little change in tools or processes. Based on the testimony of a vocational expert (VE), the ALJ concluded that plaintiff could not do his past work, but he was not disabled because he was able to do other jobs which exist in significant numbers in the national and regional economies.

### The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The following summary of the record is directed to the points raised by plaintiff.

**1.   Agency Forms**

Plaintiff was born in 1958 and was 54 years old on the alleged date of onset. (Tr. 193.) He was 57½ years old on the date of the ALJ's decision.

Plaintiff said he was unable to work because of memory loss, seizures, learning disabilities, ADD, depression, high blood pressure, and a back injury. He was 5'8" and weighed 200 pounds. He had a twelfth-grade education. He had worked as a driver/operator at a rock quarry from 1997 to March 2013. (Tr. 197-98.)

In May 2014, plaintiff reported that he had a lot of anxiety and had panic attacks. He could not remember how to do things that he was able to do before his head injury, and he forgot to do daily tasks. He could not remember what he was supposed to do even though he made notes in a little notebook. He was easily distracted and could not concentrate. He could only stand for five minutes because of pain in his back. He had balance problems because of his head injury. He had difficulty completing tasks. (Tr. 256-60.)

In December 2015, plaintiff reported that he had seen Dr. Du for pain. Dr. Du gave him a series of steroid injections but told him he would have to wait six months for further treatment. (Tr. 342.) He was taking hydrocodone and gabapentin for pain. (Tr. 346.)

**2.   Evidentiary Hearing**

Mr. Mollet was represented by an attorney at the evidentiary hearing in December 2015. (Tr. 48.)

Plaintiff weighed 247 pounds at the time of the hearing. His weight gain caused him more trouble breathing and walking. (Tr. 52-53.)

Plaintiff testified that he hurt his back in 2011. He fell off of a riding mower because he had a seizure, and he broke his back. He wore a back brace for eight months. He had injections in his back, which helped somewhat, but they had to wait for six months before they could give him more injections. He took hydrocodone in the past and was taking gabapentin at the time of the hearing. He had constant back pain. (Tr. 57-59.)

A VE also testified. The ALJ asked him a hypothetical question which corresponded to the ultimate RFC findings. The VE testified that this person could not do plaintiff's past work, but he could do medium exertion jobs such as kitchen helper, hand packer, and laundry laborer.

(Tr. 75-77.)

### 3. Medical Records

Plaintiff had brain surgery following a motorcycle accident around 2010. He had a compression fracture of a thoracic vertebrae caused by a fall resulting from a seizure in August 2011. (Tr. 1005, 1011.)

In February 2015, an x-ray showed a moderate compression fracture deformity in the mid thoracic spine. The degree of compression had increased from the previous study done in 2011. (Tr. 875.) Plaintiff complained to Dr. Schwartz, his primary care provider, of a number of problems including ongoing mid-thoracic backache in March 2015. (Tr. 864.) An x-ray in April 2015 showed moderate compression fracture of the T7 vertebral body and disc degeneration at T6-7 and T7-8 with mild disc bulging at those levels. (Tr. 870.)

Dr. Schwartz referred plaintiff to Dr. Du, a pain management specialist, for treatment of his back pain. Plaintiff first saw Dr. Du on April 9, 2015. Dr. Du diagnosed lumbar facet degenerative joint disease at multiple levels, lumbar facet joint pain syndrome, chronic lower back pain, lumbar spondylosis and cervical spondylosis. Dr. Du recommended facet joint steroid injections in the lumbar area, noting that he would treat plaintiff's cervical pain after his low back pain was controlled. (Tr. 623-24.)

Dr. Du administered lumbar steroid injections on three visits and cervical steroid injections on three visits from April through July 2015. (Tr. 653-54, 676-77, 702-03, 723, 748, 784, 814.) He last saw plaintiff in August 2015. Plaintiff's back pain was improved, but he complained of bilateral hand numbness. Dr. Du prescribed gabapentin and instructed plaintiff to return as needed. (Tr. 837, 842.)

4. **Medical Records Submitted to Appeals Council**

Plaintiff submitted additional records to the Appeals Council, which considered them in connection with his request for review. (Tr. 5.) The medical records designated by the Appeals Council as Exhibits 21F, 22F, and 23F (Tr. 1066-96) were not before the ALJ.

The medical records at Tr. 1066-96 cannot be considered by this Court in determining whether the ALJ's decision was supported by substantial evidence. Records "submitted for the first time to the Appeals Council, though technically a part of the administrative record, cannot be used as a basis for a finding of reversible error." *Luna v. Shalala*, 22 F3d 687, 689 (7th Cir. 1994).

## Analysis

Plaintiff first takes issue with the ALJ's handling of his back problems. He argues that the ALJ should have found that his degenerative disc disease and compression fracture deformity were severe impairments at Step 2, and that he failed to consider the effects of plaintiff's back pain in combination with his other impairments.

The Commissioner responded to the first part of plaintiff's argument, but did not specifically respond to the second. The Commissioner correctly points out that the failure to designate an impairment as "severe" at Step 2 can be harmless. The designation of severe impairments at Step 2 is a threshold issue. The failure to designate a particular impairment as "severe" at Step 2 does not matter to the outcome of the case as long as the ALJ finds at least one severe impairment, continues on with the analysis, *and* considers the combined effect of all impairments, severe and non-severe. *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012) (citing *Castile v. Astrue*, 617 F.3d 923, 927-28 (7th Cir. 2010)).

There is more to plaintiff's first point, however. Although the argument could have been more eloquently articulated, plaintiff does argue that the ALJ failed to consider the combined effects of all of his impairments and ignored an entire line of evidence contrary to his conclusion that plaintiff could do medium exertional work. See, Doc. 27, pp. 7-9.

The totality of the ALJ's discussion of plaintiff's back condition is his statement that "The claimant also has degenerative disc disease, which is mild and stable." (Tr. 30.) He cites generally to Ex. 14F, which is Dr. Du's treatment notes. The decision omits any mention of the x-rays of plaintiff's spine and of the presence of the thoracic compression fracture. The ALJ did not mention the steroid injections administered by Dr. Du, a pain management specialist.

ALJ Janney erred in failing to consider the combined effects of all of plaintiff's impairments. *Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (emphasizing that "the *combined* effects of the applicant's impairments must be considered, including impairments that considered one by one are not disabling" (emphasis in original)). In addition, the ALJ is not permitted to "cherry-pick" the evidence, ignoring the parts that conflict with his conclusion. *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009). While he is not required to mention every piece of evidence, "he must at least minimally discuss a claimant's evidence that contradicts the Commissioner's position." *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000).

Here, the ALJ found that plaintiff could do medium work. Medium work requires the ability to lift up to 50 pounds at a time and to frequently lift or carry objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). It is difficult to see how this conclusion could be supported by substantial evidence where the ALJ ignored the evidence of the spinal x-rays and compression fracture and offered no analysis of Dr. Du's treatment records.

Mr. Mollet was 57 years old and therefore was in the "advanced age" category (age 55 or older) on the date of the ALJ's decision. 20 C.F.R. § 404.1563(e). Because of his age and limitation to unskilled work, plaintiff would be deemed to be disabled even if he were able to do the full range of light work. Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rules 202.04 & 202.06. Therefore, the issue of whether plaintiff was limited to medium or light work is crucial here. The failure to consider the evidence regarding plaintiff's back condition undermines the ALJ's finding that he was capable of medium work.

The failure to consider Dr. Du's records also no doubt affected the analysis of plaintiff's credibility.

Because of the ALJ's errors in determining plaintiff's RFC, this case must be remanded. "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted); *see also Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) ("[A] denial of benefits cannot be sustained where an ALJ failed to articulate the bases of his assessment of a claimant's impairment.")

The Court wishes to stress that this Memorandum and Order should not be construed as an indication that the Court believes that plaintiff was disabled during the relevant period or that he should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## Conclusion

The Commissioner's final decision denying Ronald C. Mollet's application for social security disability benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing

and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

IT IS **SO ORDERED.**
DATE:   October 11, 2017

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**